IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS AND SICNORA MOORE, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 12-185 |
| OCWEN LOAN SERVICING, LLC | ) |
| | ) Formerly CV-2012-00110 |
| | ) In the Circuit Court of |
| | ) Mobile County, Alabama |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C.A. § 1446(a), Defendant Ocwen Loan Servicing, LLC ("Ocwen") gives notice of the removal of the proceeding entitled *Dennis and Sicnora Moore v. Ocwen Loan Servicing, LLC*, designated CV-2012-010110, pending in the Circuit Court for Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division[1] and respectfully show unto the Court as follows:

I.  **INTRODUCTION AND FACTUAL BACKGROUND**

A.  **The Complaint.** On or about February 8, 2012, a Complaint for damages entitled *Dennis and Sicnora Moore v. Ocwen Loan Servicing, LLC*, was

---

[1] Defendant specifically reserves any and all applicable defenses pursuant to *Federal Rule of Civil Procedure* 12.

1


filed and is now pending as CV-2012-00110 in the Circuit Court for Mobile County, Alabama. In the Complaint, Plaintiffs Dennis and Sicnora Moore (collectively, the "Moores" or "Plaintiffs") seek actual and punitive damages against Ocwen arising from alleged breach of mortgage agreement, negligence,wantonness, violations of the Truth in Lendingt Act ("TILA") 15 U.S.C. § 1601, *et seq.* and violations of the Real Estate Settlement and Procedures Act ("RESPA") 12 U.S.C. § 2605 *et seq.* The nature of this action is more fully stated in the Complaint, a copy of which is attached hereto within **Exhibit A**.[2]

**B.     All Defendants Join.** Ocwen is the only named Defendant in this matter. Thus, in accordance with federal law, all properly served Defendants in this action have joined in this Notice of Removal.

## II. BASIS FOR REMOVAL – ORIGINAL JURISDICTION

**A.     Removal is proper under 28 U.S.C.A. § 1331.** Original jurisdiction is given to the district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." 42 U.S.C.A. § 1331 (2009). Such federal question jurisdiction may arise from the initial pleading or from subsequent motions, pleadings or other papers where the federal question is first able to be ascertained. 28 U.S.C.A. § 1446(b).

---

[2] Exhibit A contains all pleadings filed in the Circuit Court.

In the instant case, federal question jurisdiction arises from the initial pleading. In Counts Four and Five of the Complaint, Plaintiffs assert a claim for violations of the TILA and RESPA. These allegations clearly present a claim arising under the laws of the United States. Moreover, the removal statute, 28 U.S.C.A. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

This action is pending in the Circuit Court for Mobile County which sits within the United States District Court for the Southern District of Alabama, Southern Division. Accordingly, this district and venue are proper pursuant to section 1441(a). *See id.*

**B.     Removal of all other claims is proper under 28 U.S.C.A. § 1367.**

Since this matter involves claims arising under the Constitution and federal law, the United States District Court for the Southern District of Alabama has original jurisdiction pursuant to 28 U.S.C.A. § 1331. To the extent any other claims do not arise pursuant to 28 U.S.C.A. § 1981, such claims are cognizable by

this Court pursuant to its supplemental jurisdiction under 28 U.S.C.A. § 1367, because all claims, according to Plaintiffs' complaint, "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A § 1367. Accordingly, Ocwen has established the requirements for removal under 28 U.S.C.A. §§ 1441 and 1446.

### III.   THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

   A.   **Venue is Proper.** In accordance with 28 U.S.C.A. § 1391(a), venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, because, according to the Complaint, a substantial portion of the events giving rise to Plaintiffs' claims occurred in Mobile County, Alabama, and the property subject of this complaint is situated in Mobile County, Alabama. Pursuant to 28 U.S.C.A. § 1441(a) and (b), this case may be removed to the United States District Court for the Southern District of Alabama, Southern Division.

   B.   **Removal is Timely.** Ocwen was served with Plaintiffs' Complaint on February 13, 2012. Thus, thirty (30) days have not expired since Ocwen was able to first ascertain that the action was removable. Removal is therefore proper in accordance with 28 U.S.C.A. § 1446(b). In accordance with 28 U.S.C.A. § 1446, copies of all process and papers filed in this action are attached to this Notice of Removal as **Exhibit A**.

IV. **CONCLUSION AND REQUESTED RELIEF**

For the reasons described above, Ocwen respectfully requests this Court to proceed with this matter as if it had been originally filed herein and that this Court grant Ocwen such other relief to which it is justly entitled.

Respectfully submitted on this the 14th day of March, 2012.

*/s/ Natalie Bolling*
D. Keith Andress
Natalie R. Bolling
Attorneys for Defendant Ocwen Loan Servicing, LLC

**OF COUNSEL:**
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL 35203-5202
(205) 328-0480
(205) 488-3846 fax
kandress@bakerdonelson.com
nbolling@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2012, the foregoing has been served upon the following counsel of record via this Court's electronic notification system, which will send notification of such filing, and/or by United States mail to the following:

Kenneth J. Riemer, Esquire
Earl P. Underwood, Jr., Esquire
Underwood & Riemer, PC
21 South Section Street
Fairhope, Alabama 36532

_____
Of Counsel